**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KYRON SHAKEEL SWASO, | ) NO. CV 25-06012 MRA (KS) |
| Petitioner, | ) |
| v. | ) ORDER ACCEPTING FINDINGS AND |
| | ) RECOMMENDATIONS OF UNITED |
| DEPARTMENT OF HOMELAND SECURITY, | ) STATES MAGISTRATE JUDGE |
| Respondent. | ) |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Report and Recommendation of United States Magistrate Judge ("Report"), Petitioner's Objections thereto, and all records herein.

Petitioner is in immigration custody and seeks his release from custody pending his removal proceedings. (ECF No. 1.) The Report recommends dismissal of the Petition under the first-to-file rule, because it is duplicative of an already-adjudicated habeas petition that Petitioner earlier filed with the United States District Court for the Middle District of Georgia. (ECF No. 40.) Petitioner's objections to the Report (ECF No. 41) do not merit any change to the Report's findings or recommendations.

Petitioner objects that he did not receive a physical copy of Respondent's Motion to Dismiss the Petition. (ECF No. 41 at 2-3.) However, the Report did take into consideration Plaintiff's "Motion to Reject Government Motions," which in substance was an opposition. (ECF No. 40 at 10 (*citing* ECF No. 30).) The Court also has considered Plaintiff's objections to the Report's findings under the first-to-file rule. (ECF No. 41.) Thus, Petitioner has had sufficient opportunities to oppose the Report's recommendation of dismissal. He therefore has not shown

any violation of his rights from the alleged failure to receive a physical copy of the Motion to Dismiss. *See Thomassen v. United States*, 835 F.2d 727, 730 (9th Cir. 1987) (holding that a litigant was not denied due process by not having had an opportunity to file an opposition to a motion to dismiss because he filed a motion under Federal Rule of Civil Procedure 59(e) opposing dismissal: "Because [he] had an opportunity to challenge the original dismissal, we find that he was not deprived to due process.").

Petitioner objects that Respondent engaged in litigation misconduct. (ECF No. 41 at 3-5.) The objection is vague and conclusory, and it is not responsive to the Report's findings and recommendations about the first-to-file rule.

Petitioner objects to administrative findings regarding his arrest, detention, and removability. (ECF No. 41 at 6-13.) As the Report found, however, these claims were resolved by the United States District Court for the Middle District of Georgia. "As the Middle District of Georgia has denied Petitioner's claims after the District Judge in that case accepted a thorough, reasoned Report and Recommendation of the assigned magistrate judge in the case, judicial economy would clearly not be served if this Court duplicated those efforts. Similarly, applying the first-to-file rule in this instance completely eliminates the risk of any inconsistent rulings or reasoning between the two courts." (ECF No. 40 at 13; *see also* ECF No. 29-2 at 2-15.) Moreover, Petitioner's only cognizable federal habeas claim, a challenge to his immigration detention, was rejected by the Middle District of Georgia with a reasoned explanation: Petitioner has received multiple detention hearings before an immigration judge that comply with applicable statutes and regulations, and he has not been detained for six months following a final order of removal. (ECF No. 29-2 at 10-14.) Thus, "it would be contrary to the [first-to-file] rule for the Court to then proceed to address the merits of Petitioner's claims in the alternative." (ECF No. 40 at 14.)

Petitioner objects that he faces irreparable harm from his detention and removal. (ECF No. 41 at 14-17.) But as the Court previously found in denying Petitioner's motion for a temporary restraining order, the Court need not reach that argument because Petitioner should have properly raised that argument in the Middle District of Georgia. (ECF No. 16 at 3.) In turn, the District Judge in the Middle District of Georgia accepted the Magistrate Judge's finding that "[b]ecause it

is recommended that Petitioner's application for habeas relief be dismissed or denied, it is further recommended that these motions be denied as moot."  (ECF No. 29-2 at 14.)

Petitioner requests the appointment of counsel.  (ECF No. 41 at 18.)  Appointment of counsel is denied because Petitioner has not shown both "the likelihood of success on the merits and the [inability] . . . to articulate [his] claims *pro se* in light of the complexity of the legal issues involved."  *See Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988) (citation omitted).

Having completed its review, the Court accepts the findings and recommendations set forth in the Report.  Accordingly, IT IS ORDERED that: (1) Respondent's Motion to Dismiss the Petition (ECF No. 29) is GRANTED; (2) Judgment shall be entered dismissing this action with prejudice; and (3) all pending motions are denied as MOOT.

IT IS SO ORDERED.

DATED: January 28, 2026

_____
MONICA RAMIREZ ALMADANI
UNITED STATES DISTRICT JUDGE